EUGENE H. AKELEY *v.* FRANK O. CARPENTER.

Special Term at Brattleboro, February, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed November 10, 1913.

*Sales—Contract—Construction—Modification—Conditions —Exceptions—Statement of Party's Claim—Presumptions.*

Where defendant sold and agreed to deliver designated live stock, to be weighed and paid for on delivery, there was a case of dependent promises requiring concurrent performance, defendant not being obliged to deliver before payment, nor plaintiff to pay before delivery.

Where defendant sold to plaintiff, and agreed to deliver, a number of different animals, including a pair of oxen, to be weighed and paid for on delivery, and it was subsequently agreed that defendant might retain the oxen for a week or two after the time fixed for delivery, that agreement was merely a modification of the original contract, and not a new contract based on a further consideration.

Where a bill of exceptions states the claim of the exceptor it will be presumed on review that it states the whole claim, and nothing else will be passed upon, and so, in an action for damages for defendant's breach of a contract for the sale and delivery of a pair of oxen, to be weighed and paid for on delivery, where plaintiff had judgment on the referee's report, which found a valid contract by defendant to sell and deliver, and his failure to deliver on request, without any finding of a readiness to perform on the part of plaintiff, and the bill of exceptions stated that: "The defendant claimed that the minds of the parties did not meet and that there was no sale of the oxen in question," the question whether the contract fixed a time of delivery, or the objection that there is no finding of plaintiff's readiness to perform, will not be considered on review.

Where the only exceptions to a judgment for plaintiff on a referee's report were taken by defendant, only he can attack it on review.

ASSUMPSIT. Plea, the general issue with notice of recoupment. Heard at the September Term, 1912, Windham County, *Butler, J.*, presiding, on the report of a referee. Judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Chase & Chase* and *E. W. Gibson* for the defendant.

*Herbert G. Barber* and *Frank E. Barber* for the plaintiff.

MUNSON, J. The suit is to recover damages for the failure to deliver a pair of oxen under a contract of sale, and the trial was by referee.

The plaintiff was a buyer of live stock for the Boston market; and his bargain with the defendant included hogs, cows and calves, as well as the oxen. The defendant was to deliver the stock at the railroad station in Brattleboro, except that the plaintiff was to send his team for the hogs; and the stock was to be weighed and paid for when delivered. The delivery was duly undertaken, but an accident on the journey prevented the delivery of the cattle at that time, and necessitated some extra work which the plaintiff agreed to pay for. The team proceeded with the hogs, and these were weighed and shipped. It was then arranged that the cows and calves should be delivered on the following Monday, but defendant asked the privilege of keeping the oxen a week or two to work, and the plaintiff agreed to this, but with a requirement that they be subsequently delivered. The cows and calves were delivered on the day named, and these and the hogs were then paid for. Plaintiff afterwards told defendant that he wanted the oxen delivered the next Monday, to which the defendant made no reply. The oxen were not delivered then or afterwards.

In presenting the defendant's brief counsel suggested orally that the only question in the case was, what was the trade regarding the oxen? It is argued in the brief that the original contract was discharged by a new agreement, under which the oxen were to be retained until a later date; that no time nor place for delivering the oxen was named in the new agreement; and that whether it was considered that there was or was not an agreement in these particulars, the plaintiff could not recover on the case made by the report.

The facts above stated make a case of dependent promises requiring concurrent performance. It is not the case of a condition precedent; but of promises mutually conditional. The things required are to be done at the same time. Neither party agreed to give credit to the other. The seller was not obliged to deliver without receiving the pay and the buyer was not obliged to pay in advance of delivery. The further agreement regarding the oxen was not a new contract based on a further consideration, but merely a modification of the contract as to the time of delivery. The contract as originally made contemplated a delivery for one shipment and was entire, but the consideration depended upon the weight of the animals and could be apportioned to separate shipments. So the modification regarding the oxen left the elements of the contract the same. There is no finding of a readiness to perform on the part of the plaintiff, and the defendant contends that without this there can be no recovery for the non-delivery.

The plaintiff filed no exceptions to the judgment below, but claims to recover a larger judgment here on the ground that this Court should render such judgment on the report as the county court ought to have rendered. His objections to the judgment are that the damages should have been determined by the Brighton market, and that no offset should have been allowed. After arguing these questions, counsel conclude by saying that there can be no question as to the defendant's liability in view of the referee's report, and that if the plaintiff's objections are not available for want of exceptions, the judgment should be affirmed.

The exceptions contain the following clause: "The defendant claimed that the minds of the parties did not meet and that there was no sale of the oxen in question." Nothing else touching the defendant's position appears in the exceptions. The plaintiff's brief does not discuss the matters now argued by the defendant, above referred to; but it makes no reference to this clause of the exceptions, and puts the plaintiff's claim upon the facts reported and his right to such a judgment as the county court should have rendered thereon.

As we have seen, the case stood upon the referee's finding of a completed bargain. The language of counsel as recited in the exceptions, however inapt it may have been, pointed to the effect of the plaintiff's permission to retain the oxen for a time

and the defendant's failure to deliver them on request; which was the only possible question in the case, as regards the right of recovery. In these circumstances, the writer of the opinion has thought that the question of delivery as above stated might properly be considered. But the other judges are clear that the case calls for an application of the rule that when the trial court has stated the claim of a party it is to be presumed that it has stated the whole claim, and that nothing else was passed upon by the court.

The only suggestion of an argument made by plaintiff's counsel in support of his claim for a larger judgment, lies in the proposition that, inasmuch as the case is before this Court upon exceptions to the judgment on the report, the Court will render such a judgment thereon as the county court should have rendered. But the sole exception upon which the case is before this Court was taken by the opposite party.` The judgment was not rendered against any exception of the plaintiff, and as to the plaintiff it must stand as correct.

*Judgment affirmed.*